RON BENDER (SBN 143364)
JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: rb@lnbyb.com, jyo@lnbyb.com

Attorneys for Chapter 11 Debtors
and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>FATBURGER RESTAURANTS OF CALIFORNIA, INC., *et al.*,<br><br>Debtors.<br>_____<br><br>___ Affects Fatburger Restaurants of California, Inc. Only<br><br>___ Affects Fatburger Restaurants of Nevada, Inc. Only<br><br> X  Affects Both Debtors | Case No. 1:09-bk-13964-GM<br><br>Chapter 11<br><br>Jointly Administered with Case No. 1:09-bk-13965-GM<br><br>**STATEMENT BY DEBTORS REGARDING THE STATUS OF THE CASES; DECLARATION OF ANDREW A. WIEDERHORN IN SUPPORT THEREOF**<br><br>Date:   January 11, 2011<br>Time:   10:00 a.m.<br>Place:  Courtroom "303"<br>        21041 Burbank Blvd.<br>        Woodland Hills, California |

Fatburger Restaurants of California, Inc. ("FB California") and Fatburger Restaurants of Nevada, Inc. ("FB Nevada," and together with FB California, the "Debtors"), the debtors and debtors in possession in the above-captioned chapter 11 bankruptcy cases, hereby file this Statement, in advance of the status conference scheduled on January 11, 2011 at 10:00 a.m., to

advise the Court of the developments in the Debtors' bankruptcy cases since the previous status conference held on October 5, 2010.

1. The Debtors filed voluntary petitions under Chapter 11 of 11 U.S.C. § 101 *et seq.* (as amended, the "Bankruptcy Code") on April 7, 2009 (the "Petition Date"). The Debtors continue to operate their business, manage their financial affairs and administer their bankruptcy estates as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtors are presently the owner-operators of twenty-eight (28) Fatburger restaurants located in California and Nevada. The Debtors' revenue is derived from sales at their respective restaurants. The Debtors are part of a larger Fatburger enterprise which, as of the Petition Date, consisted of approximately 90 restaurants in 14 states as well as 3 foreign countries (Canada, Dubai and China).

3. The Debtors are part of a larger Fatburger enterprise which, as of the Petition Date, consisted of approximately 90 restaurants in 14 states as well as 3 foreign countries (Canada, Dubai and China). The Debtors are both wholly-owned subsidiaries of Fatburger Corporation ("FB Corp."), which is, in turn, a wholly-owned subsidiary of Fatburger Holdings, Inc. ("FB Holdings"), which is, in turn, a wholly-owned subsidiary of Fog Cutter Capital Group Inc. ("Fog Cutter"). FB Holdings serves only as a holding company and does not have any employees. FB Corp. houses the Fatburger enterprise's corporate activities and has approximately 31 employees.

4. Shortly after the Petition Date, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") to represent the interests of the unsecured creditors in both of the Debtors' bankruptcy cases.

5. Following the Petition Date, the Debtors (in conjunction with their non-debtor affiliates) actively engaged in seeking debtor in possession financing and ultimately elected to accept the financing proposal received from Signature Credit Partners, LLC ("Signature"), which provided for the Debtors to borrow up to $2.2 million from Signature on a secured basis (the "DIP Financing"). The DIP Financing provided for a term loan of $1,100,000 and a

1 revolving loan of $1,100,000. The DIP Financing from Signature was approved by the Court pursuant to orders entered on June 18, 2009 and June 26, 2009.

6. Accordingly, the Debtors and Signature entered into a Loan and Security Agreement dated as of June 26, 2009 (the "<u>Loan Agreement</u>"), which provided for a Term of 12 months after the Closing Date (the date of the Loan Agreement), absent an earlier confirmed plan. Subsequently, the Debtors and Signature engaged in negotiations which resulted in successive agreements to extend the Term of the Loan Agreement.

7. While these cases have been pending, the Debtors have continued to operate their restaurants in the ordinary course of business. To accomplish the foregoing, the Debtors have sought, and obtained, Court authority to use cash collateral on an interim basis in accordance with operating budgets submitted regularly to the Court. In addition, to the extent the Debtors required additional funds to supplement their operating revenue, the Debtors have sought, and obtained, Court authority to get post-petition financing from the Debtors' non-debtor affiliates, on an administrative expense priority basis, to cover any operating shortages and to provide liquidity to the extent necessary. As discussed below, the non-debtor affiliates have agreed to subordinate their current administrative expense priority claims and any administrative expense priority claims incurred by the non-debtor affiliates in the future in the Debtors' cases to the general unsecured claims of creditors in the Debtors' cases.

8. The Debtors filed a joint plan of reorganization (the "<u>Plan</u>") and a disclosure statement describing the Plan (the "<u>Disclosure Statement</u>") on November 3, 2009.[1]

9. In the last few months, the Committee has expressed increasing concerns about the progress of the Debtors' cases and specifically about, among other things, the Debtors' failure to obtain approval of the Disclosure Statement (or an amended version thereof) and pursue confirmation of the Plan (or an amended version thereof), and the increasing amount of

---

[1] The hearing for the Court to consider the adequacy of the Disclosure Statement is currently scheduled for January 11, 2011 at 10:00 a.m., the same date and time as the chapter 11 status conference.

3

unpaid administrative expenses in the Debtors' cases (*e.g.*, administrative expense claims incurred by the Debtors' non-debtor affiliates and the Professionals employed by the estates).

10. In response to the concerns expressed by the Committee, and to facilitate the Debtors' discussions with the Committee to resolve outstanding issues regarding the Plan and Disclosure Statement, the Debtors' non-debtor affiliates agreed to subordinate their current administrative expense priority claims (then totaling $658,496.00) and any administrative expense priority claims incurred by the non-debtor affiliates in the future in the Debtors' cases to the general unsecured claims of creditors in the Debtors' cases. In addition, in connection with the negotiation of the extension of the Term of the Signature DIP Financing, Fog Cutter (the Debtors' ultimate parent) has purchased a $400,000 subordinate non-interest bearing participation in the Signature DIP Financing and to apply a credit back to the Debtors for any interest above the current prime rate earned by Fog Cutter on account of such participation interest. It is the intention of the non-debtor affiliates to acquire a participation interest in the full amount of the Signature DIP Financing and to contribute such interest as equity in connection with the Plan (or amended version thereof).

11. The Debtors have also agreed to establish certain deadlines relating to the payment of the Signature DIP Financing and the outstanding administrative expense priority claims of the estate professionals in accordance with the terms and conditions set forth in a stipulation entered into by the Debtors and the Committee (the "<u>Administrative Paydown Stipulation</u>"). The Administrative Paydown Stipulation was approved by the Court pursuant to an order entered on October 12, 2010.

12. Although the Debtors are not in full compliance with the terms of the Administrative Paydown Stipulation (specifically with respect to payments due by December 31, 2010), the Debtors have succeeded in making payments totaling $190,000 during the last few months, thereby reducing the amount of administrative expense priority claims in these cases correspondingly.

13. In addition, the Debtors' non-debtor affiliates expect to close a large international franchise sale within days, which will, among other things, provide funding to the Debtors to retire the outstanding balance of administrative expense priority claims in these cases, repay the Signature DIP Financing, and implement the Plan. In the meantime, the Debtors continue to expect to receive financing (on a subordinated basis) from the non-debtor affiliates to continue operating the restaurants and administering their bankruptcy estates. Since the Debtors are not obtaining the financing on a secured or administrative basis, the Debtors submit that there is no measurable harm to creditors by permitting the Debtors to stay in chapter 11 and operate the restaurants.

Dated: January 4, 2011

FATBURGER RESTAURANTS OF CALIFORNIA, INC., *et al.*

By: */s/ Juliet Y. Oh*
Ron Bender
Juliet Y. Oh
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Attorneys for Chapter 11 Debtors and Debtors in Possession

## DECLARATION OF ANDREW A. WIEDERHORN

I, Andrew Wiederhorn, hereby declare as follows:

1. I am the Chief Executive Officer of Fatburger Restaurants of California, Inc. ("FB California") and Fatburger Restaurants of Nevada, Inc. ("FB Nevada," and together with FB California, the "Debtors"), debtors and debtors in possession herein. I am also the Chief Executive Officer of the Debtors non-debtor affiliates, Fog Cutter Capital Group, Inc. ("Fog Cutter"), Fatburger Holdings, Inc. ("FB Holdings"), Fatburger Corporation ("FB Corp."), and Fatburger North America, Inc. ("FB North America").

2. The Debtors filed voluntary petitions under Chapter 11 of 11 U.S.C. § 101 *et seq.* (as amended, the "Bankruptcy Code") on April 7, 2009 (the "Petition Date"). The Debtors continue to operate their business, manage their financial affairs and administer their bankruptcy estates as debtors in possession.

3. The Debtors are presently the owner-operators of twenty-eight (28) Fatburger restaurants located in California and Nevada. The Debtors' revenue is derived from sales at their respective restaurants. The Debtors are part of a larger Fatburger enterprise which, as of the Petition Date, consisted of approximately 90 restaurants in 14 states as well as 3 foreign countries (Canada, Dubai and China).

4. The Debtors are part of a larger Fatburger enterprise which, as of the Petition Date, consisted of approximately 90 restaurants in 14 states as well as 3 foreign countries (Canada, Dubai and China). The Debtors are both wholly-owned subsidiaries of FB Corp., which is, in turn, a wholly-owned subsidiary of FB Holdings, which is, in turn, a wholly-owned subsidiary of Fog Cutter. FB Holdings serves only as a holding company and does not have any employees. FB Corp. houses the Fatburger enterprise's corporate activities and has approximately 31 employees.

5. It is my understanding and belief that, shortly after the Petition Date, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") to represent the interests of the unsecured creditors in both of the Debtors' bankruptcy cases.

6. Following the Petition Date, the Debtors (in conjunction with their non-debtor affiliates) actively engaged in seeking debtor in possession financing and ultimately elected to accept the financing proposal received from Signature Credit Partners, LLC ("Signature"), which provided for the Debtors to borrow up to $2.2 million from Signature on a secured basis (the "DIP Financing"). The DIP Financing provided for a term loan of $1,100,000 and a revolving loan of $1,100,000. I am advised that the DIP Financing from Signature was approved by the Court pursuant to orders entered on June 18, 2009 and June 26, 2009.

7. Accordingly, the Debtors and Signature entered into a Loan and Security Agreement dated as of June 26, 2009 (the "Loan Agreement"), which provided for a Term of 12 months after the Closing Date (the date of the Loan Agreement), absent an earlier confirmed plan. Subsequently, the Debtors and Signature engaged in negotiations, in which I actively participated, which resulted in successive agreements to extend the Term of the Loan Agreement.

8. While these cases have been pending, the Debtors have continued to operate their restaurants in the ordinary course of business. To accomplish the foregoing, the Debtors have sought, and obtained, Court authority to use cash collateral on an interim basis in accordance with operating budgets submitted regularly to the Court. In addition, to the extent the Debtors required additional funds to supplement their operating revenue, the Debtors have sought, and obtained, Court authority to get post-petition financing from the Debtors' non-debtor affiliates, on an administrative expense priority basis, to cover any operating shortages and to provide liquidity to the extent necessary.

9. The Debtors filed a joint plan of reorganization (the "Plan") and a disclosure statement describing the Plan (the "Disclosure Statement") on November 3, 2009.[2]

---

[2] The hearing for the Court to consider the adequacy of the Disclosure Statement is currently scheduled for January 11, 2011 at 10:00 a.m., the same date and time as the chapter 11 status conference.

10. In the last few months, the Committee and its counsel have expressed increasing concerns about the progress of the Debtors' cases and specifically about, among other things, the Debtors' failure to obtain approval of the Disclosure Statement (or an amended version thereof) and pursue confirmation of the Plan (or an amended version thereof), and the increasing amount of unpaid administrative expenses in the Debtors' cases (*e.g.*, administrative expense claims incurred by the Debtors' non-debtor affiliates and the Professionals employed by the estates).

11. In response to the concerns expressed by the Committee and its counsel, and to facilitate the Debtors' discussions with the Committee to resolve outstanding issues regarding the Plan and Disclosure Statement, the Debtors' non-debtor affiliates agreed to subordinate their current administrative expense priority claims (then totaling $658,496.00) and any administrative expense priority claims incurred by the non-debtor affiliates in the future in the Debtors' cases to the general unsecured claims of creditors in the Debtors' cases. In addition, in connection with the negotiation of the extension of the Term of the Signature DIP Financing, Fog Cutter (the Debtors' ultimate parent) has purchased a $400,000 subordinate non-interest bearing participation in the Signature DIP Financing and to apply a credit back to the Debtors for any interest above the current prime rate earned by Fog Cutter on account of such participation interest. It is the intention of the non-debtor affiliates to acquire a participation interest in the full amount of the Signature DIP Financing and to contribute such interest as equity in connection with the Plan (or amended version thereof).

12. The Debtors have also agreed to establish certain deadlines relating to the payment of the Signature DIP Financing and the outstanding administrative expense priority claims of the estate professionals in accordance with the terms and conditions set forth in a stipulation entered into by the Debtors and the Committee (the "<u>Administrative Paydown Stipulation</u>"). I am advised that the Administrative Paydown Stipulation was approved by the Court pursuant to an order entered on October 12, 2010.

13. Although I acknowledge that the Debtors are not in full compliance with the terms of the Administrative Paydown Stipulation (specifically with respect to payments due by December 31, 2010), the Debtors have succeeded in making payments totaling $190,000 during the last few months, thereby reducing the amount of administrative expense priority claims in these cases correspondingly.

14. In addition, I expect the Debtors' non-debtor affiliates to close a large international franchise sale within days, which will, among other things, provide funding to the Debtors to retire the outstanding balance of administrative expense priority claims in these cases, repay the Signature DIP Financing, and implement the Plan. In the meantime, the Debtors continue to expect to receive financing (on a subordinated basis) from the non-debtor affiliates to continue operating the restaurants and administering their bankruptcy estates. Since the Debtors are not obtaining the financing on a secured or administrative basis, I do not believe that there is measurable harm to creditors by permitting the Debtors to stay in chapter 11 and operate the restaurants.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of January, 2011 at Santa Monica, California.

_____
ANDREW A. WIEDERHORN

| In re:<br>**FATBURGER RESTAURANTS OF CALIFORNIA, INC.,**<br>Debtor(s). | **CHAPTER 11**<br>**Case No. 1:09-bk-13964-GM**<br>**Jointly Administered with**<br>**Case No. 1:09-bk-13965-GM** |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067.

A true and correct copy of the foregoing document described as: **STATEMENT BY DEBTORS REGARDING THE STATUS OF THE CASES; DECLARATION OF ANDREW A. WIEDERHORN IN SUPPORT THEREOF**, will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 4, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Ron Bender    rb@lnbrb.com
- Bradley D Blakeley    bblakeley@blakeleyllp.com
- Gustavo E Bravo    gbravo@smaha.com
- Candace Carlyon    ccarlyon@sheacarlyon.com
- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com
- Philip A Gasteier    pag@lnbrb.com
- Andrew A Goodman    agoodman@goodmanfaith.com
- Raffi Khatchadourian    raffi@hemar-rousso.com
- Raymond King    rking@raykinglaw.com
- Mette H Kurth    kurth.mette@arentfox.com
- Rodger M Landau    rlandau@lblawllp.com, kmoss@lgbfirm.com
- Rodger M Landau    rlandau@lgbfirm.com, kmoss@lgbfirm.com
- Ian Landsberg    ilandsberg@lm-lawyers.com, bgomelsky@landsberg-law.com;rbenitez@landsberg-law.com
- Jonathan G Maile    jmaile@gordonrees.com
- William Malcolm    bill@mclaw.org
- Kenneth Miller    kmiller@ecjlaw.com
- Ethan B Minkin    ethan.minkin@kutakrock.com
- Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
- Abel Ortiz    Abel.ortiz@kts-law.com, Kristyann.brodecki@kts-law.com
- Jacqueline L Rodriguez    jlr@lnbrb.com
- Martha E Romero    Romero@mromerolawfirm.com
- S Margaux Ross    margaux.ross@usdoj.gov
- I Bruce Speiser    bspeiser@pircher.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Sanford M Wall    brenda.eiden@kts-law.com
- Aleksandra Zimonjic    azimonjic@lblawllp.com, kmoss@lgbfirm.com
- Aleksandra Zimonjic    azimonjic@lgbfirm.com, kmoss@lgbfirm.com

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL:** On **January 4, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service and/or by attorney service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[X] See attached service list

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 4, 2011**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

***By Personal Delivery Via Attorney Service***
Hon. Geraldine Mund
United States Bankruptcy Court
San Fernando Valley Division
21041 Burbank Blvd., Suite 342
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 4, 2011 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**II. Served by U.S. Mail:**

Margaux Ross, Esq.
Office of the U.S. Trustee
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

Harold Fox
Fatburger Restaurants of California
Fatburger Restaurants of Nevada
301 Arizona Avenue, Suite 200
Santa Monica, CA 90401

Co-Counsel for Keith Warlick
Ian S. Landsberg
LANDSBERG MARGULIES LLP
16030 Ventura Blvd., Ste. 470
Encino, California 91436

Co-Counsel for Keith Warlick
Ralph C. Hofer
Blecher & Collins
515 S. Figueroa Street, Suite 1750
Los Angeles, CA 90071

Counsel for Daisy Ellis
Eric Meller Esq
Meller & Floyd
2001 Wilshire Blvd., Ste 504
Santa Monica, CA 90403-5675

Counsel for Universal Art Gallery
Law Ofcs Peter A. Schwartz
9701 Wilshire Blvd., 10th Floor
Beverly Hills, CA 90210

Ernie Zachary Park
Bewley, Lassleben and Miller
13215 E. Penn Street, Ste. 510
Whittier, California 90602

Willard M. Reisz, Esq.
(Counsel for Hoxsie Equipment)
10880 Wilshire Blvd., #2240
Los Angeles, CA 90024

Counsel for Westside Properties
Andrew Goodman, Esq.
Goodman, Faith LLP
21550 Oxnard St., Suite 830
Woodland Hills, CA 91367

Counsel for Industrial Plaza, LLC
Leslie A. Cohen, Esq.
506 Santa Monica Blvd., Ste. 200
Santa Monica, CA 90401

Counsel for US Foodservice
Scott E. Blakeley
Blakeley & Blakeley
4685 MacArthur Court, Ste 421
Newport Beach, CA 92660

Weingarten Nostat, Inc.
c/o Weingarten Realty Investors
Attn: Jenny J. Hyun, Esq.
2600 Citadel Plaza Drive, Ste 125
Houston, TX 77008

Counsel for OR Associates
John L. Smaha
Smaha Law Group
7860 Mission Center Court, Suite 100
San Diego, CA 92108

Counsel for Stations Casinos
Candace Carlyon, Esq.
Shea & Carlyon
701 E. Bridger Ave., Ste. 850
Las Vegas, NV 89101

Counsel for GE
Ethan B. Minkin
Kutak Rock LLP
8601 North Scottsdale, Suite 300
Scottsdale, AZ 85253

Counsel for Devonshire, Ltd.
Jonathan Maile, Esq.
Brian B Frasch
Gordon & Rees LLP
633 West Fifth St., Ste. 4900
Los Angeles, CA 90071

Counsel for Committee
Rodger M. Landau, Esq.
Landau & Berger
1801 Century Park East, #1460
Los Angeles, CA 90067

Counsel for P.S. Metro, LLC
William G. Malcolm
Malcolm ♦ Cisneros, a Law Corp.
2112 Business Center Drive, 2nd Floor
Irvine, CA 92612

Counsel for SIMA
Patrick C. McGarrigle
McGarrigle Kenney & Zampiello, APC
9600 Topanga Canyon Blvd., Ste. 200
Chatsworth, CA 91311

Counsel for Centennnial Bank
Kenneth Miller, Esq.
Ervin Cohen & Jessup LLP
9401 Wilshire Blvd., 9th Floor
Beverly Hills, CA 90212

RSN
L.A. County Treasurer and Tax Collector
P.O. Box 54110
Los Angeles, CA 90054

Susan L McCarthy
Arnold Bleuel LaRochelle Mathews
300 Esplanade Dr., Suite 2100
Oxnard, CA 93036

C/o Bob and Mark Plumbing
Michael Damsky
Guagenti & Damsky
2615 190th Street, Suite 105
Redondo Beach, CA 90278

Everett Jack, Esq.
Davis Wright Tremaine
1300 SW Fifth Avenue, Ste 2300
Portland, OR 97201-5630

Counsel for S&S Hospitality
Joseph Angelo
Alyssa Milman White
450 Newport Center Drive, Suite 625
Newport Beach, CA 92660

Jennifer L. Brocket
Davis Wright Tremaine LLP
865 S. Figueroa St., Ste. 2400
Los Angeles, CA 90017

Counsel for Anhausner, Inc.
Raffi Khatchadourian
Hemar, Rousso & Heald
15910 Ventura Boulevard, 12th Floor
Encino, CA 91436-2829

<u>Counsel for Cold-Tech Refrigeration</u>
Dean P. Sperling
Law Offices of Dean Sperling
201 East Sandpointe, Suite 220
Santa Ana, CA 92707-57425

<u>Counsel for Counties. of
San Bernardino and Riverside</u>
Martha E. Romero, Esq.
BMR Professional Building
6516 Bright Ave
Whittier, CA 90601

<u>Attorneys for Interested Party, The
Macerich Company</u>
Thomas J. Leanse, Esq.
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012

<u>Counsel for Signature Group Holdings,
LLC</u>
Richard B. Polivy, Esq.
Polivy & Taschner, LLC
Six Central Row
Hartford, CT 06103